UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRECIA Y. FLORES URDANETA,<br><br>*Plaintiff,*<br><br>v.<br><br>HY CITE CORPORATION d/b/a ROYAL PRESTIGE, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC,<br><br>*Defendants.* | Civil Action No.: 2:24-cv-8073 |

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory, treble, and punitive damages, injunctive relief, and statutory attorney's fees and costs brought pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., the New York Fair Credit Reporting Act, and New York General Business Law § 349.

2. Specifically, Plaintiff brings this action for damages resulting from the inaccurate reporting of tradelines on her credit reports and Defendants' failures to, *inter alia*, conduct reasonable investigations and correct the reports.

3. The Defendants consist of three national credit reporting agencies: Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("TransUnion") (collectively, the "CRA Defendants"); and a furnisher of information to those agencies: Hy Cite Corporation (the "Furnisher Defendant").

4. Plaintiff discovered inaccurate derogatory information on her credit reports and disputed the same directly with the CRA Defendants. Upon information and belief, the CRA Defendants communicated the disputes to the Furnisher Defendant.

5. The Furnisher Defendant is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2).

6. The Furnisher Defendant violated the FCRA by:

    a. failing to conduct a reasonable investigation of Plaintiff's disputes,

    b. failing to review all relevant information provided by consumer reporting agencies, and

    c. failing to promptly modify, delete, or permanently block any information it could not verify as accurate, in violation of 15 U.S.C. § 1681s-2(b)(1).

7. The CRA Defendants violated the FCRA (and analogous provisions of the NY FCRA) by:

    a. failing to conduct a reasonable reinvestigation of Plaintiff's disputes and failing to delete or modify that information, in violation of § 1681i, and upon information and belief, failing to perform certain other related duties pursuant to and in violation of that same provision; and

    b. failing to maintain procedures to ensure the maximum possible accuracy of the information they reported about Plaintiff, in violation of § 1681e(b).

8. As a direct and proximate result of Defendants' negligent and willful actions, conduct, and omissions, including publishing inaccurate derogatory information to third-parties, Plaintiff suffered cognizable actual damages, both economic and non-economic, including but not limited to credit denials, provision of credit at higher interest rates, damage to her reputation, emotional distress, anxiety, depression, embarrassment, aggravation, and frustration.

9. Each Defendant's willful violations entitle Plaintiff to an award of punitive damages.

## JURISDICTION AND VENUE

10. The Court has jurisdiction pursuant to 15 U.S.C. § and 28 U.S.C. § 1331.

11. Supplemental jurisdiction exists for the state law claim(s) pursuant to 28 U.S.C. § 1367.

12. Jurisdiction over Plaintiff's claim for declaratory relief is conferred by 28 U.S.C. § 2201.

13. Venue is proper in this District because Plaintiff resides in this District, a substantial part of the events and occurrences underlying this litigation occurred within this District, and Defendants regularly conduct business here.

## PARTIES

14. Plaintiff, Grecia Y. Flores Urdaneta, is a natural person and resident of Central Islip, residing in Suffolk County, New York.

15. Plaintiff is a "consumer" as defined by the relevant statutes.

16. Defendant, Hy Cite Corporation d/b/a Royal Prestige, is a company that furnishes credit information to the CRA Defendants. Its principal place of business is located at 333 Holtzman Rd, Madison, WI 53713.

17. Defendant, Equifax Information Services LLC, is a national credit reporting agency regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports.

18. Defendant, Experian Information Solutions, Inc., is a national credit reporting agency regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports.

19. Defendant, Trans Union LLC, is a national credit reporting agency regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports.

## FACTUAL ALLEGATIONS

20. Plaintiff, Grecia Y. Flores Urdaneta, is a Venezuelan citizen currently residing at 561 W 180th St, New York, NY 10033, where she has been seeking asylum since arriving in the United States on April 13, 2023. Upon her arrival, Plaintiff did not have a Social Security Number (SSN), an Individual Taxpayer Identification Number (ITIN), or any U.S. identification beyond her expired Venezuelan passport. Since then, Plaintiff has obtained a work permit, SSN, and temporary legal status, and has formally entered the asylum process.

21. Plaintiff met Andres Damian Bucobo Sanchez through social media prior to her arrival. Sanchez offered to assist her with securing travel arrangements, housing, and employment in the U.S. As part of this, Plaintiff provided him with a copy of her expired Venezuelan passport, which expired on December 11, 2019.

22. Upon reviewing her credit report in August 2023, Plaintiff discovered that Sanchez had used her personal information, including her expired passport, to fraudulently open a credit account with Hy Cite Corporation d/b/a Royal Prestige without her consent. This account was opened prior to Plaintiff's arrival in the United States.

23. The fraudulent account was created using Plaintiff's personal information but was linked to the address 106 Irving St, Central Islip, NY 11722, an address Plaintiff has never lived at but which was associated with Sanchez.

24. In August 2023, Plaintiff reviewed her credit reports and found derogatory information relating to the fraudulent Hy Cite/Royal Prestige account. The account was listed as having a balance of $2,313, which was charged off by the creditor as bad debt.

25. On October 11, 2023, Plaintiff filed an identity theft report with the Federal Trade Commission (FTC Report No. 163271446).

26. Plaintiff then filed an incident report with the Suffolk County Police Department (Case No. CC#23C1006766) on October 14, 2023, documenting the identity theft and the involvement of Sanchez.

27. Plaintiff submitted formal disputes to the credit reporting agencies—Experian and TransUnion—on March 14, 2024, requesting that they block or remove the inaccurate tradelines associated with the fraudulent Hy Cite account.

28. The letters were received by the agencies but no meaningful action was taken to remove the derogatory information.

29. Despite Plaintiff providing sufficient documentation, including her FTC identity theft report and police report, Experian and TransUnion failed to conduct reasonable reinvestigations and continued to report the inaccurate information related to the fraudulent Hy Cite account.

30. Plaintiff has not received any response from Equifax since she could not access her report.

31. Due to the lack of proper investigation and the continued reporting of inaccurate and derogatory information by the CRA Defendants and Hy Cite Corporation, Plaintiff has suffered financial harm, damage to her creditworthiness, and emotional distress.

32. Plaintiff faced credit denials, higher interest rates, and reputational damage, and continues to experience anxiety, embarrassment, and frustration due to the unresolved identity theft.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Fair Credit Reporting Act § 1681e(b) and § 1681i**
**Against the CRA Defendants**

33.     Plaintiff repeats and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

34.     The CRA Defendants each violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions including but not limited to:

    a.     failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of § 1681i(a)(1);

    b.     by failing to review and consider all relevant information submitted by Plaintiff in violation of § 1681i(a)(4); and

    c.     by failing to properly delete the disputed inaccurate items of information from Plaintiff's credit files or modify item of information upon a lawful reinvestigation in violation of § 1681i(a)(5).

35.     Each of the CRA Defendants violated 15 U.S.C. § 1681e(b) by their conduct, acts and omissions including but not limited to failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in the preparation of her credit reports and credit files that the CRA Defendants published and maintained.

36.     As a result of the CRA Defendants' violations of § 1681i and § 1681e(b), Plaintiff suffered actual damages including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, anguish and the other damages set forth herein.

37. These violations of § 1681i and § 1681e(b) were willful, rendering the CRA Defendants liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

38. In the alternative, the CRA Defendants were negligent, entitling Plaintiff to recover actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o.

## SECOND CAUSE OF ACTION

### Fair Credit Reporting Act § 1681s-2(b)
### Against The Furnisher Defendant

39. Plaintiff repeats and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

40. Congress enshrined within the FCRA the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. §1681(a)(4).

41. Congress stated plainly the purpose of the FCRA, namely "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." 15 U.S.C. §1681(b).

42. The Furnisher Defendant violated §1681s-2(b) by its acts and omissions, including, but not limited to:

    a. failing to conduct a reasonable investigation of Plaintiff's dispute(s),

    b. failing to review all relevant information provided by consumer reporting agencies, and,

    c. failing to promptly modify, delete, or permanently block any information it could not verify as accurate, in violation of §1681s-2(b)(1).

43. As a result of the Furnisher Defendant's violations of §1681s-2(b)(1), Plaintiff suffered actual damages including but not limited to loss of credit, damage to reputation, embarrassment, humiliation, anguish and the other damages set forth herein.

44. These violations of §1681s-2(b)(1) were willful, rendering the Furnisher Defendant liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

45. In the alternative, the Furnisher Defendant was negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION

### Deceptive Acts and Practices NYGBL § 349

46. Plaintiff repeats and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

47. In the course of its dealings with Plaintiff, Defendants engaged in deceptive conduct in the conduct of business, trade, commerce, or the furnishing of a service in this state, which constitutes a violation of § 349 independent of whether Defendant's conduct violated any other law.

48. Specifically, but without limitation, Defendant's deceptive conduct included:

   a. Unlawfully charging Plaintiff for transactions she never authorized;

   b. Failing to adequately investigate the dispute and correct Plaintiff's bill by permanently reversing the charges related to the transactions, while falsely claiming to have done an adequate investigation; and

   c. Attempting to bill and collect on sums not owed (and regarding which any reasonable investigation would have determined were not owed).

49. Defendant's conduct as alleged herein is "consumer oriented." Indeed, far from a

"one shot transaction," Defendants deals with a large volume of customers who dispute unauthorized charges.

50. Defendant's failure to conduct a true "reasonable investigation" leads to consumers being forced to pay for unauthorized charges or face the specter of litigation and/or ruined credit.

51. Defendant's misconduct as set forth above is part of a recurring policy and practice and has the potential to be repeated with regard to a large number of consumers.

52. Each of these deceptive acts and practices is one that has a broad impact on consumers.

53. As a result of these violations of NYGBL § 349, Plaintiff has suffered actual damages and is entitled to actual and/or statutory damages, punitive damages, injunctive relief, and declaratory judgment that Defendants has violated the statute, costs, and reasonable attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgment in her favor and damages against Defendants:

    A.    awarding Plaintiff actual damages, treble damages, statutory damages, punitive damages, costs, and reasonable attorneys' fees; and

    B.    such other and further relief, including equitable and declaratory relief, as

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Dated: November 20, 2024

<u>/s/H. Cooper Ellenberg</u><br>
H. Cooper Ellenberg<br>
Schlanger Law Group, LLP<br>
60 East 42nd Street<br>
46th Floor<br>
New York, NY 10165<br>
T: 212-500-6114<br>
F: 646-612-7996<br>
E: hellenberg@consumerprotection.net<br>
<br>
*Attorney for Plaintiff*